JEFFREY G. NEVIN (SBN 114295)
MARK E. ELLIS (SBN 127159)
ELLIS, COLEMAN, POIRIER, LA VOIE,
 & STEINHEIMER, LLP
555 University Ave, Suite 200 East
Sacramento CA, 95825
Telephone: (916) 283-8820
Fax: (916) 283-8821
jnevin@ecplslaw.com

EDWARD J. NEVIN (SBN 41226)
NEVIN & ABSALOM LLP
22 Battery Street, Suite 333
San Francisco, CA 94111-5514
Telephone: (415) 392-5040
Ed.nevin@33law.com

Attorneys for Plaintiff Troy Walker

Marcia B. Paul, New York State Bar No. 8427
Appearance *Pro Hac Vice* (Pending)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York City, NY 10019-6708
Telephone:     (212) 603-6427
Facsimile:     (212) 489-8340
Email: marciapaul@dwt.com

Duffy Carolan, CA State Bar No. 154988
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599
Email:         duffycarolan@dwt.com

Attorneys for Defendants
VIACOM INTERNATIONAL INC.,
NICKELODEON ANIMATION STUDIOS INC., and
PARAMOUNT PICTURES CORP.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TROY WALKER, an Independent Cartoonist & Publisher | Case No. C 06 4931 SI |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND (PROPOSED) PROTECTIVE ORDER** |
| v. | [L.R. 7-12] |
| VIACOM INTERNATIONAL, NICKELODEON STUDIOS, PARAMOUNT STUDIOS, STEPHEN HILLENBURG, | |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the parties having stipulated to the terms of this Confidentiality Agreement and Protective Order:

**1. Application.**

1.1 This Agreement and Order shall govern the disclosure, handling and disposition of any document, information or other material that is designated as containing "Confidential Information" or "Highly Confidential Information" as defined herein, and is furnished in this litigation by parties or non-parties, in connection with answers to interrogatories, requests for admissions, responses to subpoenas *duces tecum*, deposition testimony, settlement discussions, or otherwise, to any other person or entity (the "receiving party"), regardless of whether the person or entity receiving the "Confidential Information" or "Highly Confidential Information" is a party to this litigation.

**2. Definitions.**

2.1 **Confidential Information.** "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to confidential and proprietary information, security information, trade secrets, other confidential technical information, research or marketing information, financial records and analyses, agreements and business relationships, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential clients and projects, performance and projections, non-public business strategies, decisions and/or negotiations, personnel compensation and other employment information, and confidential proprietary information about affiliates and third-parties with whom the parties to this action have or have had business relationships.

2.2 **Highly Confidential Information.** The parties recognize that there may be certain

DAVIS WRIGHT TREMAINE LLP

sensitive confidential, financial, business, security related, and/or proprietary documents and information, the disclosure of which, even if limited to the persons listed in paragraph 6 below, may compromise and/or jeopardize the supplying party's interests ("Highly Confidential Information")

**2.3  Documents.**  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, presentations, models, e-mails, video tapes, audio tapes, compact discs, electronic messages and other data compilations from which information is recorded, and other tangible things subject to production under the Federal Rules of Civil Procedure Rule 26.3(c)(2).

**3.  Designation.**

**3.1.  Good Faith Claims.**  Any party may designate (the "designating party") as "Confidential" or "Highly Confidential" at the time of disclosure or thereafter, any documents, other tangible things, or information that the asserting party in good faith believes are within the definitions set forth in paragraph 2.1 and 2.2 of this Agreement and Order.

**3.2.  Produced Documents.**  Copies of documents that the producing party believes constitute or contain Confidential Information or Highly Confidential Information shall be marked "CONFIDENTIAL" and HIGHLY CONFIDENTIAL, respectively.

**3.3.  Inspections of Documents.**  In the event a producing party elects to make its documents available for inspection and the requesting party elects to inspect them, no designation of Confidential Information or Highly Confidential Information need to be made in advance of the inspection.  During such inspection, all material produced shall be considered Confidential Information.  If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information or Highly Confidential Information, as applicable, in accordance with subparagraph 3.2 at the time the copies are produced.  If the inspecting party selects documents to be copied that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVDs, video tapes and audio tapes (collectively, "data storage devices"), the producing party shall designate the data storage device as containing Confidential Information or Highly Confidential Information, as applicable, at the time copies of

such data storage devices are produced. If the inspecting party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 6.1 or 6.2 make a copy of any such data storage device designated by the producing party as Confidential Information or Highly Confidential Information, the inspecting party or other authorized person shall designate each such copy as containing Confidential Information or Highly Confidential Information. If the inspecting party or other authorized person prints out or otherwise makes copies of the confidential documents or information stored on such data storage device, the inspecting party or other authorized person shall mark each page so copied with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as appropriate.

**3.4. Deposition Transcripts.** Testimony given at a deposition may be designated as "Confidential" or "Highly Confidential" by an appropriate statement at the time of the giving of such testimony. Testimony concerning documents previously designated as "Confidential" or "Highly Confidential" shall be deemed designated with the equivalent level of confidentiality as the documents with which the testimony is concerned, without the need for a separate statement at the time of the giving of such testimony. If deposition testimony is designated as "Confidential" or "Highly Confidential" (whether by a statement at the time of the giving of such testimony or by automatic designation in connection with testimony regarding confidential documents), the testimony shall be taken only in the presence of those persons authorized to have access to Confidential Information or Highly Confidential Information in accordance with this Agreement and Order. A deponent, deponent's counsel or a producing party may also inform the parties to the action of the portions of the transcript and/or exhibits that they wish to designate as Confidential Information or Highly Confidential Information within thirty (30) days after the receipt of a deposition transcript. Until such time has elapsed, deposition transcripts in their entirety and all exhibits thereto shall be treated as containing Confidential Information consistent with the provisions of this Agreement and Order. Deposition transcripts containing material designated as "Confidential" or "Highly Confidential" shall be separately bound and appropriately marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", but will keep the same pagination as if the testimony did not contain material

4

DAVIS WRIGHT TREMAINE LLP

1 designated as "Confidential" or "Highly Confidential". All persons in possession of a copy of a
2 designated deposition transcript shall appropriately mark it as containing Confidential Information
3 or "Highly Confidential Information".

### 4. Objections To Designations.

**4.1. Generally.** Any party objecting to a designation of Confidential Information or Highly Confidential Information (the "objecting party"), shall notify in writing, within forty-five (45) days of receiving the document, the designating party and all other parties of the objection, specifically identifying each document that the objecting party in good faith believes should not be designated as Confidential Information or Highly Confidential Information, and providing a brief statement of the grounds for such belief. In accordance with the Federal Rules governing discovery disputes, the objecting and designating parties thereafter shall confer within seven (7) days after the date of such objection in an attempt to resolve their differences. If the parties are unable to resolve their differences, the objecting party shall have fourteen (14) days after the conference concludes to file with the court a motion to challenge the Confidential Information or Highly Confidential designation. The material in question shall retain its original designation until the Court rules otherwise. If such a motion is made, the party asserting the designation shall have the burden of proof to establish good cause for the designation claimed by that party.

If the objecting party elects not to make such a motion with respect to documents to which an objection has been made, the objection shall be deemed withdrawn. If the designating party withdraws the Confidential or Highly Confidential designation, the terms of this Agreement and Order shall not thereafter apply to any identical copy of the challenged document.

All documents initially designated as Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information in accordance with this Agreement and Order unless and until the Court rules otherwise or the designation is withdrawn by the producing party, except for documents initially designated under paragraph 3.4, which lose their confidential status after 30 days unless so designated.

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER  SFO 363095v1 0038015-000096
Case No. C 06 4931 SI

  **5.**  **Custody.** All Confidential Information and Highly Confidential Information and any and all copies, extracts, and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 6.2 or 6.3.

  **6.**  **Handling Prior to Trial.**

    **6.1.**  **Authorized Use.** Confidential Information and Highly Confidential Information shall be used solely in connection with this action, and shall not be used in any other action or proceeding or to institute any other action or proceeding. All discovery materials whether designated "Confidential" or "Highly Confidential" or not so designated, shall be used solely for the prosecution or defense of the claims in this action and only in connection with this action and shall not be used for any other purpose, including but not limited to any business, commercial, competitive, personal or other purpose. All Confidential Information and Highly Confidential Information shall be kept strictly confidential by the parties' counsel, their clients, experts or consultants, and shall not be disclosed, made public, or made available to anyone, except as specifically provided in subparagraphs 6.2 and 6.3 of this Agreement and Order or by any subsequent Order the Court may enter.

    **6.2.**  **Authorized Disclosure of Confidential Information.** Disclosure of Confidential Information is authorized only for use in connection with this litigation and shall not be used for any other purpose whatsoever. Confidential Information, its contents, or information derived therefrom may be disclosed by the receiving party only to the following persons, and only after counsel of record for that receiving party has obtained written acknowledgement from each person receiving Confidential Information, in the form attached hereto, that he or she has received a copy of this Agreement and Order and has agreed to be bound by it:

    a.  The Court, pursuant to paragraph 7 of this Order;

    b.  Qualified persons taking testimony involving Confidential Information, and necessary stenographic, videotape and clerical personnel;

    c.  Counsel of record for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

DAVIS WRIGHT TREMAINE LLP

6

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
Case No. C 06 4931 SI

SFO 363095v1 0038015-000096

  d. Parties to this litigation, limited to the named party and if that party is a business entity a limited number of designated representatives of the business entity and its insurers;

  e. Designated in-house counsel and a limited number of assistants, administrative or otherwise;

  f. Designated experts and their staff who are consulted by counsel for a party to this litigation, provided that each such person has signed an undertaking in the form of Exhibit A attached hereto and agrees to be bound by the terms of this Order;

  g. Outside vendors employed by Counsel for copying, scanning and general handling of documents; and

  h. Persons noticed for depositions or designated as trial witnesses, or persons who a party reasonably and in good faith believes may be noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to testify (such persons shall not retain or copy the Confidential Information, or portions of the transcript of their depositions that contain the Confidential Information, if such information was not provided by them or the entities they represent), provided that each such person has signed an undertaking in the form of Exhibit A attached hereto and agrees to be bound by the terms of this Order.

A receiving party who discloses Confidential Information in accordance with this subparagraph 6.2 shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information ("disclosure list"), and shall furnish the written acknowledgements and disclosure list to the Court upon its request or order. This does not apply to counsel or their staff.

  **6.3.** **Authorized Disclosure of Highly Confidential Information.** All the provisions set forth above in paragraph 6.2 applicable to Confidential Information shall apply equally to Highly Confidential Information, except that disclosure of Highly Confidential Information by the receiving party shall be limited to the classes of individuals specified in Paragraphs 6.2(a), 6.2(b), 6.2(c), 6.2(e) and 6.2(f).

  **6.4.** **Unauthorized Disclosure.** If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Agreement and Order, the party or person responsible for the disclosure must immediately bring the facts relating to such disclosure to the attention of the producing party and, if appropriate, to the Court. Without prejudice to other rights and remedies of the producing party, the responsible party or person shall immediately make every effort to obtain the return of the Confidential Information or

Highly Confidential Information (including without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Confidential Information or Highly Confidential Information was directed as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

**6.5. Further Disclosures.** The attorneys of record for a party who wish to disclose information designated as "Confidential" or "Highly Confidential" to persons other than those identified in paragraphs 6.2 and 6.3, respectively, shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in paragraph 6 shall be made pending a ruling by the Court.

**7. Court Filings.** The parties will comply with Local Rule 79-5 when contemplating or resisting the filing of any Confidential or Highly Confidential document(s).

**8. Handling During Trial.** Confidential Information or Highly Confidential Information that is subject to this Agreement and Order may be marked and used as trial exhibit by either party, subject to terms and conditions as imposed by the Court upon application by any party. The parties will comply with Local Rule 79-5 when contemplating or resisting the filing of any Confidential or Highly Confidential document(s).

**9. Handling After Disposition.** Within thirty (30) days of the conclusion of this litigation, whether by way of settlement or judgment, including the exhaustion of all appeals, the attorney for each receiving party shall collect, assemble and return all Confidential Information or Highly Confidential Information, including all copies, extracts and summaries thereof, including memoranda and notes relating thereto, in the possession of the receiving party, its counsel or other authorized recipients to whom that party provided Confidential Information or Highly Confidential Information, but not including copies, extracts, summaries or memoranda that contain or constitute attorney work product. If requested by the designating party within ninety (90) days of the conclusion of this litigation, all copies, extracts, summaries and memoranda that contain or

DAVIS WRIGHT TREMAINE LLP

constitute attorney-work product shall be destroyed and the attorney for each receiving party shall certify in writing that that all such copies, extracts, summaries and memoranda have been destroyed. The obligation to return or destroy shall occur prior to the termination of this litigation when an individual or entity is no longer a party or when counsel, expert, witness, or consultant is no longer retained in the case, whichever comes earlier.

**10. No Implied Waivers.** The execution of this Agreement and Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information or Highly Confidential Information in this litigation are doing so only pursuant to the terms of this Agreement. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Agreement, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**11. Care in Storage.** Any person in possession of Confidential Information or Highly Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information or Highly Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

**12. No Admission.** Neither this Agreement nor the designation of any item as "Confidential Information" or "Highly Confidential Information" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**13. Parties' Own Documents.** This Agreement and Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Agreement and Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

**14. No Effect on Other Rights.** This Agreement and Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information or Highly Confidential Information.

**15. Further Protection.** Nothing in this Agreement and Order shall preclude a party from seeking and obtaining from the Court a further protective order for any documents and information as to which such party believes this Agreement and Order may be insufficient.

**16.** The parties agree to submit this Agreement and Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

**17.** The Court retains jurisdiction over the parties after the dismissal of this action regarding any dispute concerning the improper use of information disclosed under protection of this Protective Order.

**18.** Notwithstanding the preceding sentence, all obligations and duties arising under this Protective Order shall forever survive the termination of this action.

ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHAMMER, LLP

Dated: October 16, 2007

By: /S/Jeffrey G. Nevin
555 University Avenue
Suite w00 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fas: (916) 283-8821

Attorneys for Plaintiff
TROY WALKER

DAVIS WRIGHT TREMAINE LLP

Dated: October 16, 2007

By: /S/Duffy Carolan
505 Montgomery Street
Suite 800
San Francisco, CA 94111-6533
Tel: (415) 276-6500
Fax: (415) 276-6599

Attorney s for Defendants
STEPHEN HILLENBURG
VIACOM INTERNATIONAL INC.,
NICKELODEON ANIMATION STUDIOS INC., and
PARAMOUNT PICTURES CORP.

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

2  Dated: _____, 2007

3  _____
   Hon. Susan Illston
4  United States District Judge

DAVIS WRIGHT TREMAINE LLP

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY WALKER, , an Independent Cartoonist & Publisher<br><br>*Plaintiff*,<br><br>v.<br><br>VIACOM INTERNATIONAL, NICKELODEON STUDIOS, PARAMOUNT STUDIOS, STEPHEN HILLENBURG,<br><br>*Defendants*. | APPENDIX "A"<br><br>Case No. C 06 4931 SI |

**DECLARATION OF** _____

I, _____, declare that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is_____ .

3. I have received a copy of the Confidentiality Agreement and Protective Order in this case signed by United States District Court Judge Susan Illston on _____, 2007.

4. I have carefully read and understand the provisions of the Confidentiality Agreement and Protective Order.

5. I will comply with all of the provisions of the Confidentiality Agreement and Protective Order.

6. I will hold in confidence and not disclose to anyone, other than the persons entitled to receive such information under paragraph 6.2 of the Confidentiality Agreement and Protective

DAVIS WRIGHT TREMAINE LLP

12
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
Case No. C 06 4931 SI

SFO 363095v1 0038015-000096

Order entered in this litigation, all information designated as Confidential Information (including summaries, notes, abstracts, indices or copies of such Confidential Information) that is disclosed to me.

7. I will hold in confidence and not disclose to anyone, other than the persons entitled to receive such information under paragraph 6.3 of the Confidentiality Agreement and Protective Order entered in this litigation, all information designated as Highly Confidential Information (including summaries, notes, abstracts, indices or copies of such Highly Confidential Information) that is disclosed to me.

8. I will return all Confidential Information and Highly Confidential Information and summaries, notes, abstracts, indices or copies of such Confidential Information and Highly Confidential Information, which come into my possession, and documents on things which I have prepared relating thereto, to the attorneys for the party by whom I am employed or retained, or to the attorney from whom I received the Confidential Information or Highly Confidential Information.

9. I understand that if I violate the provisions of this Confidentiality Agreement and Protective Order, I will be subject to sanctions by the Court to whose jurisdiction I agree to be subject, and I also understand that the parties, or any one of them, may assert other remedies against me.

I declare under penalty of perjury that the foregoing is true and correct.


Dated _____, 2007


_____
Printed Name

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
Case No. C 06 4931 SI

SFO 363095v1 0038015-000096